Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
January 21, 2016

1
2
3
4
5
6  RICK A. YARNALL
7  CHAPTER 13 BANKRUPTCY TRUSTEE
   701 Bridger Ave, Suite 820
   Las Vegas, NV 89101
8  (702) 853-4500

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| IN RE: | CHAPTER 13 |
|---|---|
| EMILIO PETER DOLPIES | CASE NO: BKS-15-12742-MKN |
| MARIA ANTOINETTE DOLPIES | Hearing Date:  January 14, 2016 |
| | Hearing Time   1:30 P.M. |

**ORDER CONFIRMING CHAPTER 13 PLAN**

The confirmation of the Debtor(s) Chapter 13 Plan having come on for hearing before the United States Bankruptcy Court, and there appearing the Chapter 13 Trustee or designee and _____ _____, and with good cause appearing, it is hereby

ORDERED that any Objections to Confirmation have been resolved, and it is further;

ORDERED that the Court finds that Debtor(s) have filed all documentation required by 11 U.S.C. § 521(a)(1) and the requirements for Confirmation pursuant to 11 U.S.C §1325 have been met; and it is further;

ORDERED that the CHAPTER 13 PLAN# 2, ☐ Clerk's Docket # _____ OR ☒ attached hereto, is confirmed; and it is further;

ORDERED that, pursuant to 11 U.S.C. § 330, the fees in the amount of $0.00 of which 0.00 was paid to such attorney prior to the filing of the petition and the balance of 0.00 which shall be paid by the Trustee pursuant to the Plan:

☐ shall be approved   OR   ☒ shall not be approved until after a separate notice and hearing.

Submitted by:

_____
RICK A. YARNALL
CHAPTER 13 BANKRUPTCY TRUSTEE

Approved/Disapproved:

_____
ANDREW S T FRITZ LTD
609 South 7Th Street,
Las Vegas, NV 89101

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

___ The court has waived the requirement set forth in LR 9021(b)(1).

___ No party appeared at the hearing or filed an objection to the motion.

_X_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

___ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

ANDREW S T FRITZ LTD : Approved _X_ Disapproved ___ Failed to respond ___

Rev 10/07/2014    generated 01/12/2016

| | |
|---|---|
| Debtor Attorney | Laura L. Fritz, Esq. |
| Nevada Bar No. | 6568 |
| Attorney Firm Name | Andrew S. T. Fritz, Ltd. |
| Address | 609 South 7th Street |
| City, State Zip Code | Las Vegas, NV 89101 |
| Phone # | (702) 383-5155 |
| Pro Se Debtor | |

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:  
Debtor:  **Emilio Peter Dolpies**  
Last four digits of Soc. Sec. No.:  xxx-xx-3725

Joint Debtor:  **Maria Antoinette Dolpies**  
Last four digits of Soc. Sec. No.:  xxx-xx-9660

BK - S -            15-12742-mkn  
Judge:  Mike N. Nakagawa    Trustee:  Rick A. Yarnall  
CHAPTER 13 PLAN #    2  
Plan Modification Before Confirmation

Pre-Confirmation Meeting Date:  01/14/2016    Time:  8:30 a.m.  
Confirmation Hearing Date:  01/14/2016    Time:  1:30 p.m.

### CHAPTER 13 PLAN WITH DETERMINATION OF INTEREST RATES
YOU ARE HEREBY NOTIFIED THAT THIS PLAN WILL BE CONSIDERED FOR APPROVAL AT THE CONFIRMATION HEARING DATE SET FORTH ABOVE. THE FILING AND SERVING OF WRITTEN OBJECTIONS TO THE PLAN SHALL BE MADE IN ACCORDANCE WITH BANKRUPTCY RULE 3015(f) & 9014 AND LOCAL RULE 9014.

DEBTOR PROPOSES THE FOLLOWING CHAPTER 13 PLAN WITH DETERMINATION OF INTEREST RATES. UNLESS OTHERWISE STATED, ALL CHAPTER, SECTION, AND RULE REFERENCES HEREIN ARE TO THE BANKRUPTCY CODE, 11 U.S.C. §§ 101-1330, AND TO THE FEDERAL RULES OF BANKRUPTCY PROCEDURE.

### PART I - ELIGIBILITY TO RECEIVE DISCHARGE, COMMITMENT-PERIOD, DISPOSABLE INCOME, AND PLAN PAYMENTS

**1.01 - Statement of Eligibility to Receive Discharge**
a. Debtor, _Emilio Peter Dolpies_ is eligible to receive a Chapter 13 discharge pursuant to §1328 upon completion of all plan obligations.
b. Joint Debtor _Maria Antoinette Dolpies_ is eligible to receive a Chapter 13 discharge pursuant to §1328 upon completion of all plan obligations.

**1.02 - Means Test -** Debtor has completed Form B22C – Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income.

**1.03 - Commitment Period -** The applicable commitment period is **5 Years**
Monthly payments must continue for the entire commitment period unless all allowed unsecured claims are paid in full in a shorter period of time, pursuant to §1325(b)(4)(B). If the applicable commitment period is 3 years, Debtor may make monthly payments beyond the commitment period as necessary to complete this plan, but in no event shall monthly payments continue for more than 60 months.

**1.04 - Disposable Income -** The Debtor is . Debtor's monthly disposable income of $ _-502.79_ multiplied by the Applicable Commitment Period of _60_ months equals $ _-30,167.40_ .

**1.05 - Liquidation Value Pursuant to §1325(a)(4) -** Liquidation value is calculated as the value of all non-exempt property after the deduction of valid liens and encumbrances, but before the deduction of Trustee's fees and priority claims. The liquidation value of this estate is: _0.00_ .

This liquidation value is derived from the following non-exempt assets (describe assets): _____ .

**1.06 - Future Earnings** The future earnings of Debtor shall be submitted to the supervision and control of Trustee as is necessary for the execution of the Plan.

**1.07 - Election to Pay 100% of All Filed and Allowed General Non-Priority Unsecured Claims**

☐ 100% of all filed and allowed general non-priority unsecured claims shall be paid by the Trustee pursuant to this Plan

**1.08 - MONTHLY PAYMENTS:** - Debtor shall make monthly payments to the Trustee as follows:
$ 700.00 for 8 (# of months) commencing 06/13/2015 . Totaling 5,600.00
The sum of $ 1,200.00 for 4 (# of months) commencing 02/13/2016 . Totaling 4,800.00
The sum of $ 1,750.00 for 48 (# of months) commencing 06/13/2016 . Totaling 84,000.00

**1.09 - Other Payments** - In addition to the submission of future earnings, Debtor will make non-monthly payment(s) derived from property of the bankruptcy estate or property of Debtor, or from other sources, as follows:

| Amount of Payment | Date | Source of Payment |
|---|---|---|
| $ | | |
| $ | | |
| $ | | |

**1.10 - TOTAL OF ALL PLAN PAYMENTS INCLUDING TRUSTEE FEES =**          94,400.00

**1.11 - Tax Refunds** - In addition to the payments set forth in Sections 1.08 and 1.09, Debtor shall turn over to the Trustee and pay into the plan the non-exempt portion of any annual tax refunds for the following tax years:
2015 - 2019

**1.12 - Trustees fees** -Trustee's fees have been calculated at 10% of all plan payments, which totals: 9,440.00 . This amount is included in Section 1.10 above. Trustee's fees shall be calculated at 10% of all payments made under the plan, whether such payments are made before or after confirmation. Excluded from this calculation are payments made directly by Debtor, as provided for by the plan, to any CLASS 4 creditor or pursuant to an executory contract or unexpired lease.

PART II - CLAIMS AND EXPENSES

A. Proofs of Claim

2.01 - A Proof of Claim must be timely filed by, or on behalf of, a priority or general non-priority unsecured creditor in order for that creditor's claim o be paid pursuant to this Plan.

2.02 - A CLASS 2 secured creditor shall be paid all post-petition installment payments and shall receive payments on CLASS 6 post-petition arrearage claims whether or not a Proof of Claim is filed. A CLASS 2 secured creditor shall not receive any payments on its pre-petition arrearage claim unless a Proof of Claim has been filed. A CLASS 3 secured creditor must file a Proof of Claim before the claim will be paid pursuant to this Plan. A secured creditor may file a Proof of Claim at any time prior to the completion of this Plan.

2.03 - Notwithstanding Sections 2.01 and 2.02, the monthly contract installment payments falling due after the filing of the petition shall be paid by the Debtor or a third party to each holder of a CLASS 4 secured claim whether or not a Proof of Claim is filed or the plan is confirmed.

2.04 - Pursuant to § 507(a)(1), payments on domestic support obligations (DSO) and payments on loans from retirement or thrift savings plans described in § 362(b)(19) falling due after the filing of the petition shall be paid by Debtor directly to the person or entity entitled to receive such payments whether or not a Proof of Claim is filed or the plan is confirmed, unless agreed otherwise.

2.05 - A Proof of Claim, not this Plan or the schedules, shall determine the amount and the classification of a claim. Pursuant to § 502(a), such claim is deemed allowed unless objected to and the Court determines otherwise.

   a. **Claims Provided for by this Plan** - If a claim is provided for by this Plan and a Proof of Claim is filed, the claim shall be paid based upon the Proof of Claim unless the Court enters a separate Order otherwise determining: (i) value of the creditors collateral; (ii) avoidance of a lien; (iii) amount of the claim; or (iv) classification of the claim. If interest is required to be paid on a claim, the interest rate shall be paid in accordance with the Order Confirming Chapter 13 Plan unless a separate Order of the Court establishes a different rate of interest.

   b. **Claims Not Provided for by this Plan** - If a claim is not provided for by this Plan and a Proof of Claim is filed, no payments will be made to the claimant by the Trustee or Debtor until such time as Debtor modifies the plan to provide for payment of the claim. Such claim is deemed allowed unless objected to and the Court determines otherwise. If no action is taken by Debtor, the Trustee may file a Motion to Dismiss the case or file a Trustee's Modified Plan.

B. Fees and Administrative Expenses

2.06 - CLASS 1 - **Fees and Administrative Expenses to be Paid by Trustee** - All CLASS 1 claims will be paid by the Trustee.

**2.07 - CLASS 1A - Compensation of Former Chapter 7 Trustee** - Compensation provided for in this section shall be paid in full by the Trustee. Compensation of the type described in § 1326(b)(3) shall be limited to the greater of $25.00 or 5% of the amount payable to general non-priority unsecured creditors divided by the number of months in the length of this Plan.

| Trustee's Name | Compensation |
|---|---|
| -NONE- | |

**2.08 - CLASS 1B - Administrative Expenses Other than Trustee's Fees and Debtor's Attorney's Fees** - Approved administrative expenses listed in this section shall be paid in full by the Trustee unless § 1326(b)(3)(B) is applicable or the holder of such claim agrees to accept less than the full amount.

| Creditor's Name | Services Provided | Amount Owed |
|---|---|---|
| -NONE- | | |

**2.09 - CLASS 1C - Administrative Expenses - DEBTOR'S ATTORNEY'S FEES** - As set forth in the Rule 2016(b) Disclosure of Compensation of Attorney for Debtor(s) filed in this case, Debtor's attorney's fees, costs, and filing fees in this case shall be $ _N/A - PRE-PAID LEGAL PLAN_ . The sum of $ _N/A_ has been paid to the attorney prior to the filing of the petition. The balance of $ _N/A_ shall be paid through the plan by the Trustee. All fees are subject to review and approval by the Court. It is contemplated that the Debtor will continue to utilize the services of their attorney through the completion of the plan or until the attorney is relieved by Order of the Court. Debtor may incur additional attorney's fees post-confirmation in an amount estimated to be, but not to exceed, $ _N/A_ . Such additional attorney's fees must be approved by the Court and will be paid through the plan by the Trustee. Additional attorney's fees must not render this Plan infeasible. If Debtor incurs post-confirmation attorney's fees in excess of the amount stated above, Debtor must modify this Plan to provide for the payment of such fees. The estimated amount of post-confirmation attorney fees stated above will be used for the purpose of calculating feasibility of this Plan, but funds will not be reserved by the Trustee on account of such additional fees unless a request for the fees is properly filed with the Court.

**C. Secured Claims**

**2.10 - CLASS 2 - Secured Claims Not Modified by this Plan and Paid by Trustee** - CLASS 2 claims are not modified by this Plan and will be paid by the Trustee in the manner set forth below. The holder of a CLASS 2 claim shall retain its existing lien until paid in full.

**2.11 - CLASS 2A - Conduit Payments on Claims Secured by Real and Personal Property** - The Trustee will pay all CLASS 2A pre-petition arrearage claims in full with interest, if any, at the rates stated below. The monthly installment payments on each CLASS 2A claim coming due after the filing of the petition will be paid by the Trustee as follows: (a) the Trustee will make monthly post-petition installment payments on claims as they come due; (b) the first monthly installment payment of the total number of payments listed below shall be treated and paid in the same manner as a pre-petition arrearage claim unless agreed otherwise; (c) Trustee will not make a partial disbursement on a monthly installment payment; (d) If Debtor makes a partial plan payment that is insufficient to pay all CLASS 2A monthly installment payments that are due, Trustee will prioritize disbursements by making monthly installment payments to CLASS 2A creditors in the order in which they are listed; (e) if Debtor makes a late or partial plan payment and Trustee is unable to pay timely a monthly installment payment due on a CLASS 2A claim, then Debtor's cure of this default must be accompanied by a cure of any applicable late charge imposed by the creditor and/or any accrued interest; (f) upon receipt, Debtor shall mail or deliver to the Trustee all notices from CLASS 2A creditors including, without limitation, statements, payment coupons, impound and escrow notices, default notifications, and notices concerning changes of the interest rate on variable interest rate loans. The automatic stay is modified to permit the sending of such notices. Prior to mailing or delivering any such notice to the Trustee, Debtor shall affix the Chapter 13 case number to it. If any such notice informs Debtor that the amount of the monthly installment payment on any CLASS 2A claim has increased, Debtor shall increase the plan payments to the Trustee without modification of this Plan. A CLASS 2A creditor receiving conduit payments shall apply such payments to principal and interest consistent with this Plan. Debtor shall pay directly all post-petition real estate taxes not otherwise paid by the real estate loan creditor, and provide evidence of such payment to the Trustee upon request. CLASS 2A may include claims secured by real or personal property, and claims to which § 506(a) does not apply. CLASS 2A claims may mature before or after the completion of the plan.

| Creditor's Name / Collateral Description | Claim Amount | Monthly Installment Payment Amt | # of Monthly Installment Payments | Installment Payment Start Date | Pre-Petition Arrearage | Interest Rate on Arrearage | Estimated Grand Total of Payments |
|---|---|---|---|---|---|---|---|
| Nevada West Financial 2012 Dodge Avenger ST (31,000 miles) | 17,685.59 | N/A - See Section 2.14, Class 4 below | 449.00 | N/A | 564.59 | 0.00% | 564.59 |

**2.12 - CLASS 2B - Pre-Petition Secured Claims for Real Property Taxes, Homeowners Associations, and Public Utilities** - The Trustee will pay all CLASS 2B pre-petition arrearage claims in full with interest, if any, at the rates stated below. CLASS 2B claims may include claims for real property taxes, HOA fees, and public utilities.

| Creditor's Name / Collateral Description | Pre-petition Arrearage | Interest Rate If Applicable | Grand Total |
|---|---|---|---|
| -NONE- | | | |

**2.13 - CLASS 3 - Secured Claims Modified by this Plan and Paid by Trustee** - Each CLASS 3 claim is modified by this Plan and shall be paid in full by the Trustee in the manner set forth below. The holder of a CLASS 3 claim shall retain its existing lien and receive

payment in the amounts listed below. The monthly payment amount on a CLASS 3 claim may increase or decrease after a specified number of months as stated below. Unless otherwise ordered, CLASS 3 personal property claims will receive adequate protection payments in the monthly payment amounts set forth below. If no monthly payment amount is listed for a CLASS 3 personal property claim, the creditor will not receive adequate protection payments on its claim unless adequate protection payments for the claim are specifically set forth in Section 6.02 of this Plan. Unless otherwise ordered or specifically set forth in Section 6.02 of this Plan, CLASS 3 real property claims will not receive adequate protection payments.

**2.13.A - CLASS 3A - <u>Secured Claims Modified and Paid by Trustee Based Upon a § 506(a) Collateral Valuation or an Agreement</u>** - CLASS 3A claims shall be paid by the Trustee based upon the lesser of the Claim Amount or, if § 506(a) is applicable, the Fair Market Value listed below. The Claim Amount shall be the amount due under any contract between Debtor and the claimant under applicable non-bankruptcy law, as determined by the Proof of Claim. The Fair Market Value shall be the value of the collateral securing the claim, as determined by the Proof of Claim or a separate Court Order valuing the collateral under § 506(a).

| Creditor's Name / Collateral Description | Claim Amount | Fair Market Value | Applicable Interest Rate | Monthly Payment Amount | Number of Monthly Payments | Monthly Payment Start Date | Estimated Grand Total of Payments |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

**2.13.B - CLASS 3B - <u>Secured Claims Modified and Paid In Full by Trustee (§ 506 Does Not Apply)</u>** - CLASS 3B claims shall be paid in full by the Trustee. The amount of a CLASS 3B claim shall be the amount due under any contract between Debtor and the claimant under applicable nonbankruptcy law, as determined by the Proof of Claim or a separate Court Order. CLASS 3B claims may include secured tax liens and claims secured by purchase money security interests that were (a) incurred within 910 days preceding the filing of the petition and secured by a motor vehicle acquired for the personal use of Debtor, or (b) incurred within 1 year preceding the filing of the petition and secured by any other thing of value.

| Creditor's Name / Collateral Description | Full Claim Amount | Applicable Interest Rate | Monthly Payment Amount | Number of Monthly Payments | Monthly Payment Start Date | Estimated Grand Total of Payments |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

**2.14 - CLASS 4 - <u>Secured Claims Paid Directly by Debtor or a Third Party</u>** - CLASS 4 claims are not modified by this Plan and the creditor shall retain its existing lien. CLASS 4 claims shall be paid by Debtor or a third party whether or not the plan is confirmed. As set forth in Section 5.04(e) of this Plan, Debtor shall submit to the Trustee verification of payments on all CLASS 4 claims. CLASS 4 may include claims secured by either real property or personal property, and claims for which Debtor has been excused from the District of Nevada's mandatory conduit payment requirement. CLASS 4 claims may mature before or after the completion of this Plan.

| Creditor's Name / Collateral Description | Installment Payment Amount | Applicable Interest Rate | Maturity Date |
|---|---|---|---|
| Drivetime Acceptance<br>2006 Lexus RX (20,000+ miles) | 504.00 | 17.936% | after plan completes |
| Nevada West Financial<br>2012 Dodge Avenger ST (31,000 miles) | 449.00 | 24.00% | 48 months |

**2.15 - CLASS 5 - <u>Surrender of Collateral</u>** - Debtor shall surrender to the creditors listed in CLASS 5 the real property or personal property that is the collateral for such creditor's claim. Upon confirmation of this Plan, Debtor consents to termination of the stay under § 362(a) and § 1301 with respect to the surrendered collateral listed below.

| Creditor's Name | Description of Collateral | Estimated Deficiency |
|---|---|---|
| -NONE- | | |

**D. Post-Petition Claims**

**2.16 - CLASS 6 - <u>Post-Petition Claims to be Paid in Full by Trustee Pursuant to § 1305</u>** - CLASS 6 claims will be paid in full by the Trustee. CLASS 6 may only include those claims provided for under § 1305(a), such as taxes that become payable to a governmental unit while the case is pending and delinquent post-petition mortgage payments.

| Creditor's Name / Collateral Description (if applicable) | Claim Amount | Applicable Interest Rate | Estimated Grand Total of Payments |
|---|---|---|---|
| -NONE- | | | |

**E. Unsecured Claims**

**2.17 - CLASS 7 - <u>Priority Unsecured Claims Paid by Trustee</u>** - All CLASS 7 claims will be paid by the Trustee in the manner set forth below. CLASS 7 may include tax claims and claims for allowed unsecured Domestic Support Obligations.

**2.17.A - CLASS 7A - <u>Priority Unsecured Claims Paid in Full by Trustee Pursuant to § 507 and § 1322(a)(2)</u>** - CLASS 7A claims will be paid in full by the Trustee unless the creditor agrees otherwise.

| Creditor's Name | Describe Priority | Claim Amount | Applicable Interest Rate | Estimated Grand Total of Payments |
|---|---|---|---|---|
| Internal Revenue Service | Taxes and certain other debts | 84,278.24 | 0.00 | 84,278.24 |

**2.17.B - CLASS 7B - <u>Priority Unsecured Claims Paid Less than the Full Amount by Trustee Pursuant to § 507(a)(1)(B) and § 1322(a)(4)</u>** - CLASS 7B claims will be paid through the plan by the Trustee in the amounts listed below. CLASS 7B may only include claims for allowed unsecured Domestic Support Obligations which will be paid less than the full amount pursuant to § 507(a)(1)(B) and § 1322(a)(4).

| Creditor's Name/ Description of Debt | Claim Amount | Total Amount to be Paid by Plan |
|---|---|---|
| -NONE- | | |

**2.18 - CLASS 8 - <u>Non-Priority Unsecured Claims Separately Classified Pursuant to § 1322(b)(1) and Paid in Full by Trustee</u>** - CLASS 8 claims will be paid in full by the Trustee even if all other unsecured claims may not be paid in full. CLASS 8 may include § 1328(a) Non-dischargeable Claims with payment of interest pursuant to § 1322(b)(10), provided that there is disposable income available after making provision for full payment of all other allowed claims.

| Creditor's Name / Description of Debt | Claim Amount | Applicable Interest Rate | Estimated Grand Total of Payments |
|---|---|---|---|
| -NONE- | | | |

**2.19 - CLASS 9 - <u>General Non-Priority Unsecured Claims Paid by Trustee</u>** - The Trustee will pay to the creditors holding allowed general non-priority unsecured claims a pro-rata share of the funds remaining after disbursements have been made to all other creditors provided for in this Plan. Debtor estimates this amount to be __117.17__ Pursuant to the terms of this Plan, the amount available for disbursement to general nonpriority unsecured claims may change based upon the allowed claim amounts, amended claims, interest rates, additional attorney's fees as set forth in Section 2.09 of this Plan, and/or other administrative expenses. General non-priority unsecured creditors will be paid interest at the rate of **0.00%** [Insert the present value rate of interest if the Debtor's estate is solvent under § 1325(a)(4)].

## PART III - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**3.01** - Debtor assumes or rejects the executory contracts and unexpired leases listed below. Debtor shall pay all amounts due under any accepted executory contract or unexpired lease, including any pre-petition arrearages and all required contractual post-petition payments. Any executory contract or unexpired lease not listed in the table below is rejected. Entry of the Confirmation Order modifies the automatic stay to allow the nondebtor party to a rejected unexpired lease to obtain possession of leased property pursuant to § 365(p)(3).

| Lessor's Name/ Collateral Description | Accept / Reject | Expiration Date |
|---|---|---|
| -NONE- | | |

## PART IV - DISTRIBUTION OF PLAN PAYMENTS

**4.01** - After confirmation of this Plan, funds available for distribution will be paid monthly by the Trustee.

**4.02 - <u>Order of Distribution</u> (select one):**

    ☑ a. **<u>Regular Distribution of Plan Payments</u>** - The Trustee will pay as funds are available in the following order unless stated otherwise:
        (i)   Trustee's Fees;
        (ii)  Monthly conduit payments on CLASS 2 claims;
        (iii) Adequate protection payments until confirmation;
        (iv) CLASS 1 fees and administrative expenses;
        (v)  CLASS 2B pre-petition arrearage on claims and CLASS 3 secured claims as provided for in the plan;
        (vi) CLASS 7 priority claims;
        (vii) CLASS 6 post-petition claims;
        (viii) CLASS 2A pre-petition arrearage claims;
        (ix) CLASS 8 separately classified unsecured claims;
        (x)  CLASS 9 general non-priority unsecured claims.

    OR

    ☐ b. **<u>Alternative Distribution of Plan Payments</u>** - If the Regular Distribution of Plan Payments is not selected then an Alternative Distribution of Plan Payments shall be specifically set forth below in Section VI Additional Provisions and shall designate the order of payment as funds are available.

**4.03 - Order of Payments to Administrative Expenses** - The portion of the monthly plan payment allocated in Section 4.02 for administrative expenses described in Sections 2.07, 2.08, and 2.09 shall be distributed first on account of the monthly dividend due to a former chapter 7 trustee pursuant to Section 2.07, then to holders of administrative expenses described in Sections 2.08 and 2.09 on a pro-rata basis.

## PART V - MISCELLANEOUS PROVISIONS

**5.01 - Adequate Protection Payments** - Prior to confirmation, the Trustee may pay on account of each allowed CLASS 3 claim an adequate protection payment as required by § 1326(a)(1)(C) commencing the month after the petition is filed provided that a Proof of Claim has been filed and adequate protection payments have been provided for in CLASS 3 or in Section 6.02 of this Plan. Adequate protection payments may be disbursed by the Trustee in connection with the customary disbursement cycle beginning the month after the petition is filed. A creditor receiving adequate protection payments shall apply such payments to principal and interest consistent with this Plan.

**5.02 - Post-Petition Interest** - Post-petition interest shall accrue under this Plan on all CLASS 2 arrearage claims at the rates stated herein, except to the extent that a CLASS 2A arrearage claim is for arrears on a loan incurred after October 22, 1994, unless the real estate contract provides otherwise, in which case no interest will accrue on the CLASS 2A arrearage claim. Post-petition interest shall accrue under this Plan on all CLASS 3, CLASS 6, CLASS 7A, and CLASS 8 claims at the rates stated herein. If this Plan specifies a '0%' applicable interest rate, no interest will accrue on the claim. For CLASS 2A arrearage claims and CLASS 3B claims secured by property with a value greater than is owed under any contract or under applicable non-bankruptcy law, interest shall accrue from the petition date. For all other claims interest shall accrue from the date the plan is confirmed unless otherwise ordered by the Court.

**5.03 - Vesting of Property** - Any property of the estate scheduled under § 521 shall vest in Debtor upon confirmation of this Plan. In the event the case is converted to a case under Chapter 7, 11 or 12 of the Bankruptcy Code or is dismissed, the property of the estate shall be determined in accordance with applicable law.

**5.04 - Debtor's Duties** - In addition to the duties imposed upon Debtor by the Bankruptcy Code and Rules, the Local Bankruptcy Rules, Administrative Orders, and General Orders, this Plan imposes the following additional duties on Debtor: **(a) Transfers of Property and New Debt** - Debtor is prohibited from transferring, encumbering, selling or otherwise disposing of any personal property with a value of $1,000.00 or more or real property with a value of $5,000.00 or more without first obtaining Court authorization. Except as provided in § 364 and § 1304, Debtor shall ot incur aggregate new debt exceeding $1,000.00 without first obtaining Court authorization. A new consumer debt of less than $1,000.00 shall not be paid through this plan absent compliance with § 1305(c). **(b) Insurance and Taxes** - Debtor shall maintain insurance as required by any law or contract and provide evidence of such insurance as required by § 1326(a)(4). Debtor shall pay directly all post-petition taxes as required by law or contract and provide evidence of such payment to the Trustee upon request. **(c) Compliance with Applicable Non-Bankruptcy Law** - Debtor's financial and business affairs shall be conducted in accordance with applicable non-bankruptcy law including the timely filing of tax returns and payment of taxes. **(d) Tax Returns** - On or before April 20 of the year following the filing of this case and each year thereafter, Debtor shall submit to the Trustee copies of all personal and/or business tax returns filed with any federal or state taxing authority for the prior tax year, along with copies of any W-2 forms, 1098 forms, and 1099 forms. **(e) Periodic Reports** - For each CLASS 4 claim, Debtor shall submit verification of payments on such claim to the Trustee at least as frequently as once every six months and also upon the Trustee's request. Such submissions must demonstrate that each ongoing payment has been made by Debtor, meaning if Debtor submits verification to the Trustee once every six months Debtor must provide documentation demonstrating that all six payments were made during that interval. Upon the Trustee's request, Debtor shall provide the Trustee with documents relating to a tax return filed while the case is pending and quarterly financial information regarding Debtor's business or financial affairs. Pursuant to § 521(f)(4), upon the Trustee's request Debtor shall provide the Trustee with a statement, under penalty of perjury, of Debtor's income and expenditures for the prior tax year, which shows how income, expenditures, and monthly income are calculated. **(f) Documents Required by the Trustee** - In addition to the documents required by the Bankruptcy Code and Local Rules, Debtor shall provide to the Trustee not later than the first date set for the § 341 meeting: (1) written notice of the name and address of each person to whom Debtor owes a domestic support obligation together with the name and address of the relevant State child support enforcement agency [see 42 U.S.C. § 464 & § 466]; (2) a wage order if requested by the Trustee; (3) a Worksheet and Authorization to Release Information for each CLASS 2 claim; and (4) IRS Form 8821 and IRS Form 4506. **(g) Documents Required by Trustee Prior to Discharge of Debtor** - Within 30 days of the completion of the plan, Debtor shall certify to the Court with a copy to the Trustee the following: (1) of the name and address of each person to whom Debtor owes domestic support obligation at that time together with the name and of the relevant State child support enforcement agency [see 42 U.S.C. § 464 & § 466]; (2) Debtor's current address; (3) the name and address of Debtor's current employer; (4) the name of each creditor whose claim was not discharged under § 523(a)(2); (5) the name of each creditor that was reaffirmed by Debtor under § 524(c); (6) a certificate of completion of an instructional course in Personal Financial Management; and (7) a Notarized Declaration Regarding Domestic Support Obligations stating Debtor is current on such obligation(s). **(h) Funds from Creditors** - If the Debtor receives funds from a creditor which were previously disbursed to the creditor by the Trustee, Debtor shall immediately tender such funds to the Trustee and provide a written statement identifying the creditor from whom the funds were received.

**5.05 - Remedies on Default** - If Debtor defaults in the performance of this Plan, or if the plan will not be completed in 60 months, the Trustee or any other party in interest may request appropriate relief by filing a motion and setting it for hearing pursuant to Local Rule 9014. This relief may consist of, without limitation, dismissal of the case, conversion of the case to chapter 7, or relief from the automatic stay to pursue rights against collateral. If, on motion of a creditor, the Court terminates the automatic stay to permit a creditor to proceed against its collateral, unless the Court orders otherwise, the Trustee will make no further distribution to such secured claim.

*Any deficiency claim resulting from the disposition of the collateral shall be paid as a CLASS 9 general non-priority unsecured claim provided that a Proof of Claim or amended Proof of Claim is timely filed, allowed, and served on Debtor and the Trustee. Such deficiency claim shall be paid prospectively only, and chapter 13 plan payments previously disbursed to holders of other allowed claims shall not be recovered by the Trustee to provide a pro-rata distribution to the holder of any such deficiency claim.*

**5.06 - Creditors Shall Release Lien When Paid Pursuant to § 1325(a)(5)(B)** - The holder of a claim shall retain its lien until the earlier of: (a) the payment of the underlying debt as determined under non-bankruptcy law, or (b) discharge under § 1328. After either one of the foregoing events has occurred, the creditor shall release its lien and provide evidence and/or documentation of such release to Debtor within 30 days. If the case under this chapter is dismissed or converted without completion of the plan, the holder of a claim shall retain its lien to the extent recognized by applicable non-bankruptcy law.

**5.07 - Creditors Shall Refund All Overpayments to the Trustee** - If a creditor withdraws its Proof of Claim after the Trustee has disbursed payments on such claim, the creditor shall refund all payments to the Trustee within 60 days of the withdrawal. If a creditor amends its Proof of Claim to assert an amount less than what was previously disbursed by the Trustee on such claim, the creditor shall refund the overpayment to the Trustee within 60 days of the amendment. If a creditor receives payment from the Trustee in excess of the amount asserted in its Proof of Claim or required to be paid under this Plan, the creditor shall refund the overpayment to the Trustee within 60 days of receiving the overpayment. Creditors shall not refund any payments or overpayments to the Debtor.

**5.08 - Plan Payment Extension Without Modification** - If the plan term does not exceed 60 months and any claims are filed in amounts greater than the amounts specifically stated herein, Debtor **authorizes** the Trustee to continue making payments to creditors beyond the term of the plan, so long as such term does not exceed 60 months. Debtor shall continue making plan payments to the Trustee until the claims, as filed, are paid in full or until the plan is otherwise modified.

PART VI - ADDITIONAL PROVISIONS

**6.01 - Other than to insert text into the designated spaces, to expand the tables to include additional claims, or to change the title to indicate the plan is an amended or modified plan, the preprinted language of this form shall not be altered** - This does not mean that Debtor is prohibited from proposing additional or different plan provisions. As long as consistent with the Bankruptcy Code, Debtor may propose additional or different plan provisions or specify that any of the above provisions will not be applicable. Each such provision or deletion shall be set forth herein below or attached hereto as an exhibit and shall be identified by a section number (6.02, 6.03, etc.).

Date  November 25, 2015                    Signature  /s/ Emilio Peter Dolpies
                                                      **Emilio Peter Dolpies**
                                                      Debtor

Date  November 25, 2015                    Signature  /s/ Maria Antoinette Dolpies
                                                      **Maria Antoinette Dolpies**
                                                      Joint Debtor

Pursuant to Local Rule 3015(a), the Chapter 13 Trustees have issued a form Chapter 13 Plan with the latest version posted on their respective websites. The signature below certifies that the pre-printed text of the form Plan has not been altered in any way except for changes specifically stated and set forth in Part VI. Additional Provisions.

Dated: **November 25, 2015**

/s/ Laura L. Fritz, Esq.
**Laura L. Fritz, Esq.**
Attorney for Debtor(s) or Pro Se

###